MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE GREEN, Individually,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO and the SAN FRANCISCO POLICE DEPARTMENT, public entities, SERGEANT JA HAN KIM, OFFICER ESPARZA, OFFICER PEDERS, and DOES 1-10, individually,<br><br>　　　　Defendants. | Case No. C10-2649 MEJ<br><br>**COMPLAINT FOR DAMAGES AND JURY DEMAND** |

Plaintiff, by and through her attorneys, HADDAD & SHERWIN, for her Complaint against Defendants, states as follows:

## **JURISDICTION**

1.　This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff DENISE GREEN ("GREEN"), on or about March 30, 2009, in the City of SAN FRANCISCO, County of San Francisco, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and

constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

### INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in SAN FRANCISCO County, California, and this action is properly assigned to the San Francisco or Oakland Divisions of the United States District Court for the Northern District of California.

### PARTIES AND PROCEDURE

3. Plaintiff DENISE GREEN is a resident of the STATE OF CALIFORNIA.  At the time of this incident, Plaintiff was working full-time as a MUNI operator.  Plaintiff is an African-American woman.

4. Defendant CITY AND COUNTY OF SAN FRANCISCO ("CCSF") is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the SAN FRANCISCO Police Department ("SFPD"), and employs and/or is responsible for the other defendants in this action.

5. Defendant SFPD is, and at all times herein mentioned was, a municipal entity in the City and County of SAN FRANCISCO in the State of California, and is wholly owned and operated by Defendant CITY AND COUNTY OF SAN FRANCISCO.

6. Defendant SERGEANT JA HAN KIM ("KIM") at all material times was employed as a police officer by Defendants CCSF and SFPD, and was acting within the scope and course of that employment.

7. Defendant OFFICER ESPARZA ("ESPARZA") at all material times was employed as a police officer by Defendants CCSF and SFPD, and was acting within the scope and course of that employment.

8. Defendant OFFICER PEDERS ("PEDERS") at all material times was employed as a police officer by Defendants CCSF and SFPD, and was acting within the scope and course of that employment.

9. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE defendant was an employee/agent of the CCSF and the SFPD, and at all material times acted within the course and scope of that relationship.

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants and other DOE Defendants.

11. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein

gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

12. At all material times, each Defendant was an integral participant in the events described herein, and was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

13. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the CCSF and the SFPD.

14. The acts and omissions of Defendants KIM, ESPARZA, PEDERS, and DOES 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CCSF and the SFPD.

15. This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

**GENERAL ALLEGATIONS**

16. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

17. On or about March 30, 2009, in the CITY AND COUNTY OF SAN FRANCISCO, California, at approximately 11:15 p.m., Plaintiff GREEN was driving south on Mission Street.  Plaintiff was driving her 1992 red Lexus ES300 home after picking up her sister from the hospital and dropping off her sister at the 24th Street BART station.  Plaintiff was wearing a zip-up sweatshirt and stocking cap on her head because she had been called out from her bed.  Plaintiff was conducting herself lawfully, and obeying all traffic laws.

18.     As Plaintiff crossed the intersection of Highland Street and Mission Street, Plaintiff saw a police car behind her with its lights on.  On information and belief, this police car was being driven by Defendant Kim.  Plaintiff pulled to the right lane to let the police car pass, but it remained behind her.  Plaintiff pulled over.  Plaintiff waited in her car for an officer to come to her window.

19.     After about a minute, Plaintiff heard "Put your hands up!" shouted repeatedly.  Plaintiff complied.  Defendant Kim ordered Plaintiff to keep her hands up, open her window, open the door from the outside, and then get out with her hands up.  Plaintiff complied.

20.     Plaintiff heard Defendant Kim and other officers yelling conflicting commands at her. Plaintiff looked and saw numerous police officers (including, on information and belief, Defendant Kim) with guns pointed at her, and an officer with a shot gun or assault rifle just to her left.  Plaintiff heard "Don't look at us!" "Turn around!" and was ordered to back up slowly. Plaintiff complied.

21.     Next, an officer (who, on information and belief, was Defendant Kim) came up behind Plaintiff and handcuffed her.  Then, that officer told Plaintiff to get on her knees. Plaintiff hesitated at first because her knees were already sore from walking that day and were not in good physical condition.  Plaintiff complied and got down on her knees in pain.

22.     Plaintiff saw officers with guns searching her vehicle.  Plaintiff was ordered to get up. Plaintiff advised the officer she could not because she was still handcuffed and her knees were too weak and sore to stand up by herself.  The officer (on information and belief, Defendant Kim) tried to pull Plaintiff up by her right shoulder, but she is heavy and

he could not lift her.  The officer (on information and belief, Defendant Kim) forcefully pulled on Plaintiff's arm to lift her off the ground, injuring Plaintiff's right wrist.  Defendants also injured Plaintiff's right knee.  Eventually, Plaintiff was able to get up with the officer pulling too.  Plaintiff still saw other officers pointing guns at her.

23. Plaintiff was led over to a police car where she was searched and patted down. Plaintiff heard officers that were standing near her license plate shouting numbers back and forth to each other.  Plaintiff heard discussion about the number seven, something like, "it's not a seven? No, three five zero."

24. While waiting for officers to complete their investigation, Plaintiff saw MUNI buses and MUNI supervisor trucks where the drivers could see her, and she turned her back in embarrassment.   Plaintiff told an officer she was a MUNI driver and extremely embarrassed to be seen in handcuffs by her co-workers.

25. A few minutes later a male officer came over and told plaintiff that as she had been driving on Mission Street earlier, there was a police car stopped with a camera that had read her license plate, and that her vehicle had come up as stolen.  Plaintiff's vehicle was not stolen.  Officers at the scene of the felony stop ran a computer check of Plaintiff's vehicle, confirming that it was not stolen.  Plaintiff was eventually released from handcuffs but an officer informed her she was not free to leave yet because officers had to collect more information to write a report about the camera malfunction.  No one had asked to see Plaintiff's identification yet.

26. Defendants' seizure of Plaintiff lasted for a substantial length of time, in excess of 20 minutes.

No. C10-2649 MEJ: COMPLAINT AND JURY DEMAND    6

27.     Based on SFPD Report No. 090334273, Defendants Esparza and Peders had advised other officers by radio that their camera vehicle had just scanned the license plate of a vehicle with the license plate "5SOW**7**50," and that "a computer check revealed the vehicle with the above license plate was stolen."  Defendants Esparza and Peders observed that the car at issue was a burgundy Lexus, and also notified officers of that fact.  Defendants Esparza and Peders failed to notify other officers that the car associated with license plate "5SOW**7**50" that was listed as stolen in the SFPD computer was NOT a burgundy Lexus.  Defendants Esparza and Peders recklessly provided false and misleading information to other officers that Plaintiff's car was stolen, knowing that their radio transmissions were highly likely to cause Plaintiff to be subjected to a felony vehicle stop at gun point.

28.     Based on SFPD Report No. 090334273, Defendant Kim, upon hearing the radio transmissions described in the preceding paragraph, observed Plaintiff's burgundy Lexus with license plate "5SOW**3**50."  Despite his actual knowledge that Plaintiff's car had a different license plate than the vehicle he had been informed was stolen, Defendant Kim effected a felony stop of Plaintiff's vehicle.

29.     Defendants Kim, Esparza and Peders, by their conduct described herein, caused Plaintiff to be subjected to an unlawful felony stop, use of excessive force, and false arrest.  These Defendants violated Plaintiff's rights by their own conduct, and by setting in motion a series of acts by others which each Defendant knew or reasonably should have known would cause others to inflict the constitutional injury.  At all material times, Defendant Kim directed the felony stop of Plaintiff, causing Plaintiff to be subjected to use of excessive force and false arrest by himself and other officers.

30. Plaintiff sustained substantial physical and emotional injuries caused by Defendants' misconduct, including but not limited to injuries to her right wrist, right shoulder, right knee, and severe emotional distress including Post Traumatic Stress Disorder, for which Plaintiff has received medical treatment, and incurred medical bills.

31. At all times, Plaintiff behaved peacefully and lawfully. Plaintiff never threatened anyone in any way, never engaged in any violence or threat of violence, nor did she commit any criminal or non-peaceful actions.

32. Officers subjected Plaintiff to a high degree of force by pointing guns at her. The force used by Defendants against Plaintiff, including pointing their guns at her, was unjustified and objectively unreasonable under the circumstances.

33. Defendants arrested Plaintiff. Defendants' seizure of Plaintiff lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right.

34. After Plaintiff complained and this matter was otherwise brought to the attention of the CITY AND COUNTY OF SAN FRANSISCO and its police department, on information and belief, Defendants failed to properly and adequately investigate their officers' conduct in this matter, and Defendants otherwise failed to take appropriate action to train, discipline, and supervise Defendants KIM, ESPARZA, PEDERS, and DOES 1-10.

35. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless,

malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

36. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Wrongful seizure at gunpoint;

    b. Injured right wrist, shoulder, and knee;

    c. Severe emotional distress including Post Traumatic Stress Disorder;

    d. Violation of constitutional rights;

    e. Medical expenses;

    f. Lost wages;

    g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

37. Pursuant to California Government Code section 910 et seq., Plaintiff filed a timely claim with Defendant CITY AND COUNTY OF SAN FRANCISCO, which denied this claim on December 29, 2009.

**COUNT ONE**
**-- 42 USC §1983 --**
**<u>DEFENDANTS KIM, ESPARZA, PEDERS, and DOES 1-10</u>**

38. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

39. By the actions and omissions described above, Defendants KIM, ESPARZA, PEDERS, and DOES 1-10 violated 42 USC §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

40. Plaintiffs sustained injuries and damages as set forth at paragraph 36, above, as a direct and proximate result of Defendants' acts and/or omissions.

41. Defendants subjected Plaintiffs to their wrongful conduct, and deprived Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

42. The conduct of Defendants KIM, ESPARZA, PEDERS, and DOES 1-10 entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and California law.

43. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and law.

**COUNT TWO**
**- 42 USC §1983 –**
**DEFENDANTS CITY OF SAN FRANCISCO AND DOES 1-10**

44. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

45. On information and belief, the unconstitutional actions and/or omissions of Defendants KIM, ESPARZA, PEDERS, and DOES 1-10, as well as other officers employed by or acting on behalf of Defendant CCSF, were pursuant to the following customs, policies, practices, and/or procedures of the SFPD, stated in the alternative,

which were directed, encouraged, allowed, and/or ratified by policy making officers for the CCSF and the SFPD:

    a.    To use or tolerate the use of excessive and/or unjustified force, including the aiming of guns at individuals who do not pose a threat justifying such force;

    b.    To engage in or tolerate unreasonable seizures;

    c.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning felony stops resulting in seizures and the use of force, including the pointing of guns at people;

    d.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning felony stops;

    e.    To fail to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of vehicle cameras that read license plates and associated computer systems for identifying stolen vehicles, thereby causing individuals to be subjected to unconstitutional felony stops at gun point;

    f.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or racial profiling;

        ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    g.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

    h.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

46.     Defendants CCSF, SFPD, and DOES 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants KIM, ESPARZA, PEDERS, and DOES 1-10, and other Police Department personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

47.     The unconstitutional actions and/or omissions of Defendants KIM, ESPARZA, PEDERS, and DOES 1-10 and other Police Department personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the CCSF and SFPD.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CCSF and the SFPD, and that such policy makers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policy makers within the CCSF and the SFPD have approved of the conduct of Defendants KIM, ESPARZA, PEDERS, and DOES 1-10, and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions.  By so doing, the authorized policy makers within the CCSF and the SFPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

48.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants CCSF, SFPD, and DOES 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-

established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 39, above.

49. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

50. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CCSF, SFPD, and DOES 1 - 10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 40-43, above, and punitive damages against KIM, ESPARZA, PEDERS, and DOES 1-10 in their individual capacities.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**<u>ALL DEFENDANTS</u>**

51. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

52. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    d.  The right to be free from unlawful and unreasonable search and seizure of one's person as secured by the California Constitution, Article 1, Section 13;

    e.  The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

    f.  The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

53. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 40-43, including all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**COUNT FIVE**
**--INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—**
**ALL DEFENDANTS**

54. Plaintiff realleges each and every paragraph of this complaint as if set forth here.

55. The actions, omissions, customs, and policies of Defendants, as described above, were intentional and/or reckless, extreme and outrageous, and a proximate cause of Plaintiff's severe emotional distress.

56. As a direct and proximate result of the intentional infliction of emotional distress by Defendants, Plaintiff sustained injuries and damages as set forth at ¶¶ 40-43, above.

**COUNT SIX**
**-- ASSAULT --**
**ALL DEFENDANTS**

57. Plaintiff realleges each and every paragraph of this complaint as if set forth here.

58. The actions, omissions, customs, and policies of Defendants, as described above, were intentional and/or reckless, harmful, threatening and/or offensive, and a proximate cause of Plaintiff's damages.

59. As a direct and proximate result of the assault by Defendants, Plaintiff sustained injuries and damages as set forth at ¶¶ 40-43, above.

**COUNT SEVEN**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL DEFENDANTS**

60. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

61. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

62. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

63. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a. to refrain from using, or causing to be used, excessive and/or unreasonable force against Plaintiff;

    b. to refrain from causing Plaintiff to be wrongfully arrested and/or detained;

    c. to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

      d.      to refrain from abusing their authority granted them by law;

      e.      to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

64. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CCSF, SFPD, and DOES 1-10, include but are not limited to the following specific obligations:

      a.      to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of vehicle cameras that read license plates and associated computer systems for identifying stolen vehicles, to prevent individuals from being subjected to unconstitutional felony stops at gun point;

      b.      to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or SFPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

      c.      to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

      d.      to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 45, above.

65. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

66. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 40-43.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.    punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civ. Code §§ 52 et seq., 52.1 et seq., Cal. Code Civ. Proc. §1021.5, and as otherwise may be allowed by California and/or federal law;

    d.    Injunctive relief, including but not limited to the following:

        i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

        ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures, the use of excessive force including the pointing of guns at non-threatening individuals;

        iii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures concerning felony stops;

        iv.    an order requiring Defendants to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of vehicle cameras that read license plates and associated computer systems for identifying stolen vehicles, to prevent individuals from being subjected to unconstitutional felony stops at gun point;

        v.    an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

        vi.    an order requiring Defendants to train all SFPD Police Officers concerning this Court's orders in this matter, including concerning the issues raised in injunctive relief requests i-v, above;

   e.  such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ALL MATTERS SO TRIABLE.**

DATED:  June 16, 2010      HADDAD & SHERWIN

              /s/_____
              MICHAEL J. HADDAD
              Attorneys for Plaintiff